UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | MARGARET BABYKIN | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Shelley Kaufman | | John Holmes | |
| Hagop Kuyumjian | | Richard Hopkins | |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** (filed 9/30/10)

## I.     INTRODUCTION

On April 20, 2010, plaintiff Sylvia Tirakian filed the instant class action against defendant New York Life Insurance Company ("New York Life"), and Does 1 through 10, alleging claims for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; and (4) constructive trust. On July 26, 2010, this Court granted defendant's motion to dismiss without prejudice. On August 25, 2010, plaintiff filed a first amended complaint ("FAC"). The FAC adds an additional plaintiff, Bedros Sarian ("Sarian"), and an additional claim for fraudulent concealment.

On September 30, 2010, defendant filed the instant motion to dismiss pursuant to 12(b)(6). On November 1, 2010, plaintiffs filed an opposition to defendant's motion. On November 8, 2010, defendant filed a reply brief in support of its motion. After carefully considering the arguments of the parties, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges that defendant New York Life sold life insurance policies in the Turkish Ottoman Empire beginning in as early as 1882, and up to 1914, when it ceased issuing life insurance policies in the region. FAC ¶ 1. According to plaintiff, many of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

the policies issued by defendant in the region were issued to individuals of Greek, Assyrian, Jewish, and Kurdish heritage and origin. Id. Plaintiff alleges that between 1914 and 1923, approximately one million Ottoman Greeks, 750,000 Assyrians, 700,000 Kurds, and thousands of Jewish people were relocated or perished during the events occurring in the Ottoman Empire. Id. at ¶¶ 2,3.

According to plaintiff, on or about September 2008, defendant implemented a voluntary outreach program to locate and compensate unpaid heirs of Greek policy-holders, who died during the events that occurred in the Ottoman Empire region between 1914 and 1923. Id. ¶ 26. Plaintiff alleges that pursuant to this program, defendant made available to the public a list of policies issued to persons of Greek heritage in the Ottoman Empire prior to 1915. Id. Plaintiff further alleges that as part of the program, defendant implemented a claims review process in which heirs of the deceased policyholders were allowed to submit claims relating to these policies so long as they submitted their claims during the period from September 2008 through March 2009. Id. ¶ 27. Plaintiff alleges that because she did not submit a claim within this seven-month window, she was effectively denied the benefits that she is legally and contractually entitled to receive. Id. ¶ 28-29. To date, plaintiff has not submitted a claim. Id. ¶ 29.

Plaintiff purports to represent a class consisting of "all beneficiaries, heirs of beneficiaries, owners, heirs of owners, and all other persons having claims of any nature under life insurance policies that (i) insured the lives of persons of Greek, Assyrian, Kurdish, and Jewish descent or ancestry, and (ii) were issued at anytime, in the Turkish Ottoman Empire through 1923 by New York Life, and who have not been paid the benefits, proceeds, or cash surrender value under those life insurance policies." Id. ¶ 33. Plaintiff alleges that she should have received benefits from her family members' life insurance policy issued by defendant, but to date has remained unpaid. Id. ¶ 29. On behalf of herself and her class, plaintiff now seeks to recover the unpaid life insurance benefits under those policies. Id. ¶ 6.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Fed. R. Evid. 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Defendant seeks to dismiss plaintiff's complaint in its entirety. The Court considers each of plaintiff's claims in turn.

### A. Plaintiffs' Claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing

In its July 26, 2010 order, this Court found that it was proper to dismiss plaintiff Tirakian's claims for breach of contract and breach of the covenant of good faith and fair dealing as alleged in her original complaint, because plaintiff did not allege that she had submitted a claim to defendant New York Life for benefits allegedly owed to her under her ancestor's life insurance policy, and therefore, there could be no justiciable case or controversy based on defendant's denial of such a claim for benefits, and thus alleged breach of its obligation to pay plaintiff. July 26, 2010 Order at 10-11. The Court went on to find that in so far as Tirakian purported to sue on behalf of people of Assyrian, Jewish, and Kurdish heritage based on the claim that defendant did not offer a comparable outreach program to locate and compensate unpaid heirs of Assyrian, Jewish, and Kurdish policyholders, as it did for Greek policyholders, plaintiff failed to allege any legal grounds for such relief. Id.

Defendant argues that plaintiffs have not addressed these infirmities in their amended complaint. Mot. at 1. "Plaintiffs nowhere allege that they or their counsel thereby made a claim on a particular insured, or submitted the requisite proof of claim. Fundamentally, plaintiffs nowhere allege that New York Life denied any such claim." Id. at 6-7. Therefore, defendant argues, plaintiffs cannot state a claim, as its duty to pay benefits to plaintiffs could not arise prior to plaintiffs filing and documenting claims. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

at 7-8, 9. As such, plaintiffs' claims are not ripe, and judicial determination thereof should be postponed, particularly in light of the fact that plaintiffs will not suffer significant hardship by doing so. Id. at 8. Defendants argue that plaintiffs could easily and quickly submit claims and have those claims reviewed, at which time plaintiffs could seek judicial relief if those claims were denied and plaintiffs believed those denials constituted a breach of contract. Id. Defendant further argues that plaintiffs' new allegations that they sent "a draft class action complaint" does not cure this defect, as this action "is no substitute for submitting sufficient proof to enable New York Life to identify a policy or insured, determine if there ever was a policy covering the putative insured, and determine whether that policy was in effect when the insured is claimed to have died." Id. at 7. Defendants further argue that plaintiffs' breach of the implied covenant must also fail because they have not alleged a "claims-based breach[] of the insurance contract" or a failure to investigate a claim. Id. at 10-12. "Here, Plaintiffs have made no claims for benefits, so any allegation that New York Life failed to investigate and identify potential insureds, beneficiaries, or heirs of beneficiaries is not based on a failure to perform any contractual duties upon presentation of a claim and, therefore, cannot give rise to bad faith liability." Id. at 12.

Plaintiffs argue that they have sufficiently pled their claim for breach of contract to withstand a motion to dismiss, as they allege all elements of such a claim: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Opp. at 8-9, citing Armstrong Petro Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1391 n. 6 (2004). Plaintiffs outline the allegations of these elements as follows:

> "First, the FAC establishes that the insurance policies executed by Plaintiffs' and Class Members' ancestors with New York Life were binding contracts. [FAC] at ¶ 55. Second, the FAC alleges performance, stating that the relief organizations made claims on behalf of Plaintiffs' and Class Members' ancestors. Id. at ¶¶ 20-21, 59. The FAC also alleges that Plaintiffs and Class Members made a claim through counsel. Id. at ¶¶ 31, 59. The FAC also alleges factual details regarding New York Life's breach, including New York Life's failure to pay policy benefits, New York Life's failure to communicate information regarding the policies, New York Life's provide notice of profit participation options, New York Life's false representations

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

and New York Life's erection of barriers to hinder collection on the policies. Id. at ¶¶ 60-61. Lastly, Plaintiffs and Class Members allege damages because neither they, nor their ancestors, received the insurance benefits upon the death of the insured. Id. at ¶ 62." Opp. at 9.

Plaintiffs dispute defendants' argument that their breach of contract claim fails because they do not sufficiently allege that they made a claim for benefits so as to make their claim ripe, by arguing that they do so through their allegations that claims were made on behalf of plaintiffs' and class members' ancestors by relief organizations. Id. at 5, citing FAC ¶¶ 20-23.[1] "These organizations, by virtue of their inquiries to New York Life demanding that the names of the life insurance holder be provided, made claims on behalf of Class Members' ancestors who were beneficiaries of the life insurance policies." Opp. at 6. Plaintiff argues that these inquires put defendant on notice of their claims, and the sufficiency of this notice is a question of fact for the jury. Id. at 6. Moreover, plaintiffs argue, as alleged in the FAC, New York Life "received further notice of the Plaintiffs' claim in December 2009 with Plaintiff counsel's letter that attached a draft copy of the complaint eventually filed in this action." Id. at 8, citing FAC at ¶ 31. "Factual issues involving what was done on behalf of Plaintiff's ancestors and those similarly situated, and whether this conduct satisfied any claim requirement which may have existed for New York Life at the time, are not issues to be determined on a Motion to Dismiss." Id. at 6.

Plaintiffs also argue that they sufficiently state a claim for breach of the implied covenant through their allegations of the allegedly unreasonable barriers set up by New York Life to prevent class members from recovering benefits. Id. at 9. These include

---

[1] Plaintiffs also argue that defendants employ the wrong standard for ripeness, and that under the correct standard, as articulated in Principal Life Ins. Co. v. Robinson, 394 F. 3d 665, 670 (9th Cir. 2005), the dispute is ripe, as "there is a substantial controversy between the parties [with respect to whether New York life failed to pay life insurance benefits and whether they acted in bad faith] having adverse legal interest of sufficient immediacy and reality to warrant relief by the court." Opp. at 5. Defendant argues in reply that the Principal Life standard is inapposite as it applies only to declaratory relief actions. Reply at 3.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

allegations that "when the relief organizations made the claims, New York Life falsely represented that . . . [it] did not have information on policies and was not involved in payment determination," that "New York Life required the beneficiaries to obtain death certificates of the insured, knowing full well that the mass killings had occurred and that specific information related to the actual date, time and place of death was nearly impossible for a survivor to obtain," and that "New York Life . . . falsely stated that it could not identify the insurance policyholders and failed to notify the beneficiaries of their profit participation options." Opp. at 10-11, citing FAC ¶¶ 16-19, 50.

In reply, defendant argues that plaintiffs' assertion that they alleged in paragraphs 20-22 of the FAC that claims were made by relief organizations on behalf of class members is belied by those paragraphs and others in the FAC that actually allege that "Plaintiffs' ancestors and the relief societies did not submit claims to New York Life, but 'could have' if certain conditions were met." Reply at 4. As in its opening brief, defendant asserts that "[g]eneralized inquiries by third parties and threats of class action litigation are not substitutes for submitting sufficient proof to enable New York Life to identify a policy or insured, determine if there ever was a policy covering the putative insured, and determine whether that policy was in effect when the insured is claimed to have died. They also are not substitutes for proof that the claimant is the proper payee of the benefits." Id. at 5. Moreover, defendants argue, the inquiries made by relief organizations could not substitute for claims made by beneficiaries, because such an argument "incorrectly assumes that New York life had an obligation to provide any person other than an insured or designated beneficiary with information about any policy." Id. at 4, n. 3. Even if these inquiries were construed as claims, defendants further contend, plaintiffs could not rely on them as such for purposes of the instant suit because "[o]f course, had Plaintiffs' ancestors, or even the relief organizations, actually made such long-ago claims, this lawsuit would now be barred under whatever jurisdiction's statutes of limitation applied." Id. at 1 n. 2. Furthermore, defendants argue, plaintiffs' argument that "whether or not an insured has provided notice and made a claim is a question of fact" is irrelevant to the resolution of the instant motion because "[t]he relevant inquiry in the context of this motion to dismiss is whether Plaintiffs have alleged facts, which, if true, demonstrate that Plaintiffs submitted a claim for benefits to New York Life and that New York Life denied that claim." Id. at 6. Defendant further argues that plaintiffs' reliance on the cases cited for this proposition is misplaced. Id. at 6-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

As to plaintiffs' claim for breach of the implied covenant, defendant reiterates in reply that no such claim can stand without an allegation that a claim for benefits was made because the filing of that claim is a "condition precedent that must occur before an insurer is liable to pay," and that the cases cited by plaintiff do not stand for any contrary proposition. Id. at 9, 11. To the extent plaintiffs argue that their breach of the implied covenant claim rests on New York Life's failure to "provide names of insureds to third parties," defendant contends this Court already rejected this argument in its order granting defendant's motion to dismiss the original complaint, which recognized that New York Life had no duty to do so. Id.

As to plaintiffs' claim for breach of contract, the Court agrees with New York Life that allegations of third-party inquiries made by relief organizations are not the equivalent of allegations that claims were made under any of the relevant policies, in light of the fact that plaintiffs appear to acknowledge that claims were in fact not made. See FAC ¶ 21 (alleging that had New York Life given the requested information to the relief organizations that they would have been "enable[d] to claim benefits under life insurance policies of their family members"). Moreover, the Court finds that were these inquiries actually claims under the policies, that the instant action would be time-barred. However, the Court finds that named plaintiffs have otherwise sufficiently alleged that they made claims for benefits under their ancestors' policies for purposes of a motion to dismiss. FAC ¶ 49 ("[O]n or about January 22, 2010, Plaintiffs and the class members, through their attorneys, made a claim to New York Life for their ancestors' unpaid policy premiums and enclosed an early draft of the Complaint in this case.") Plaintiffs also sufficiently allege that New York Life failed to adequately investigate their claims and withheld benefits due to them. FAC ¶ 60 ("New York Life breached its obligation to pay the insurance benefits due and owing to the ancestors of Plaintiffs and the class members and their ancestors under the life insurance policies. Said breach includes . . . refusal to accept and act on the reasonable claims of the heirs who attempted to submit claims and by all other acts and omissions described above"). The Court is persuaded that the questions of whether or not these claims were sufficient under the relevant contracts, and whether New York Life's response to these claims was in fact a breach of those contracts are questions of fact more properly addressed on summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

    With respect to plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, however, while plaintiffs allege a claim made and benefits withheld, they do not allege that New York Life's withholding of benefits was unreasonable or without proper cause. See Opp. at 9, citing McCoy v. Progressive West Ins. Co., 171 Cal. App. 4th 785, 794 (2009) ("The major test for bad faith liability in the insurance context is whether the denial of coverage was unreasonable"). Plaintiffs' claim makes numerous allegations of wrongful unreasonable behavior following relief organizations' inquiries on behalf of putative class members. However, as the Court has already determined that the only claim this Court can properly recognize was made in early 2010, the alleged wrongful conduct was not made in connection with the processing or determination of the denial any claim and therefore cannot support a claim for a breach of the implied covenant of good faith and fair dealing as alleged in the instant complaint. Therefore, the Court finds it appropriate to grant defendant's motion to dismiss with leave to amend.

### B. Plaintiffs' Claim for Unjust Enrichment

    In its July 26, 2010 order, this Court found that the remedy of unjust enrichment was inappropriate where plaintiff Tirakian had based her claims on the insurance policies and failed to make a claim that there exists an implied contract to notify heirs so that they can submit claims. July 26, 2010 Order at 8. The Court further found the remedy inappropriate as in so far as Tirakian has not submitted a claim to defendant, it cannot be said that defendant has unjustly retained benefits due to Tirakian where Tirakian had not alleged that she had submitted a claim to defendant. Id.

    Defendant argues that plaintiffs' claim should be dismissed because they "have alleged nothing in their FAC to alter this Court's previous conclusion." Mot. at 13. Moreover, they argue, unjust enrichment is not a proper remedy in this case "because there is allegedly an express contract governing New York Life's alleged obligation to pay Plaintiffs life insurance benefits, [and therefore] there can be no claim for restitution based on a quasi-contract theory of unjust enrichment." Id. at 13-14.

    Plaintiffs argue that restitution may be a proper remedy in this case because "restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

reason." Opp. at 12, citing McBride v. Boughton, 123 Cal. App. 4th 379, 388 (2004). Plaintiffs argue that "[i]f this Court were to find that Plaintiffs' and Class Members' ancestors failed to make a claim for the insurance benefits and that no breach of contract has occurred, New York Life may still be required under the claim of restitution or unjust enrichment to not only pay damages, but to disgorge the profits connected to Plaintiffs' and Class Members' ancestors' insurance policies." Opp. at 13. Plaintiffs contend that the allegations in the FAC are sufficient to support such a claim because, taken as true, they demonstrate that "[b]eneficiaries of life insurance policies were . . . precluded or deterred from seeking benefits belonging to them, all to the gain and benefit of New York Life" by the actions taken by defendant in the relevant time period. Id. at 12, citing FAC ¶¶ 64-71.

In reply, defendant argues that "[t]here are three serious flaws in Plaintiffs' argument. First, without any allegation that a claim was made to New York Life regarding potential life insurance benefits available to *Plaintiffs*, New York Life cannot be found to have benefitted at *Plaintiffs'* expense." Reply at 12. Second, "[b]ecause the parties' relations are governed by an express contract, unjust enrichment simply cannot apply. Id. at 13. "Finally, there is no basis for equitable damages or disgorgement of profits if New York Life complied with its contractual obligations." Id. at 14.[2]

The Court is persuaded by defendant's argument that the remedy of unjust enrichment is not proper in the instant suit as currently pleaded because the imposition of such a remedy would require the Court to determine that there is an implied contract between the parties that is inconsistent with the express duties of the parties. Nonetheless, the Court cannot say at this juncture that amendment would be futile. Therefore, the Court grants defendant's motion with leave to amend.

### C. Plaintiffs' Claim for Constructive Trust

---

[2]Defendant distinguishes the case cited by plaintiffs for the contrary proposition, County of San Bernardino v. Walsh, 158 Cal. App. 3d 533 (2007) on the basis that County of San Bernardino addressed a fiduciary relationship, whereas "New York Life is not a fiduciary to its policyholders." Reply at 14-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

In its July 26, 2010 order, the Court also granted defendant's motion to dismiss plaintiff's constructive trust claim on the basis that plaintiff Tirakian failed to allege the condition precedent to entitlement, namely that defendant has wrongfully denied her claim and withheld benefits due to her. July 26, 2010 Order at 9. Defendant argues that the analysis has not changed under the FAC, and that "[b]ecause no claims were filed and, consequently, New York Life's obligation to pay benefits was never triggered, Plaintiffs have not established the entitlement to benefits necessary to state a claim for constructive trust." Reply at 16.

Plaintiffs argue that they "sufficiently plead the requirements for the imposition of a constructive trust." Opp. at 14. They contend that "the unpaid insurance proceeds" are the trust res, which plaintiffs and class members have a right to "because New York Life never paid the proceeds to their ancestors," and which New York Life wrongfully acquired possession of "after the relief organizations made claims on behalf of Plaintiffs' and Class Members' ancestors." Id.

Because the Court has determined that plaintiffs have sufficiently alleged that they filed a claim with New York Life on or about January 22, 2010, and have otherwise properly alleged the elements of a claim for constructive trust, the Court finds that dismissal of their constructive trust claim is improper.

### D. Plaintiffs' Claim for Fraudulent Concealment

Plaintiffs add a claim in the FAC for fraudulent concealment. Plaintiffs allege that defendant concealed facts including: (1) the identities [sic] Greek Assyrian, Kurdish, and Jewish insurance policyholders; (2) requisite information for all claims to be assessed; . . . (3) profit participation options; [(4)] the fact that it did have information about the policyholders; . . . [(5)] the fact that New York life was still involved in claims decisions relating to the Genocide claims." FAC ¶¶ 79, 80. Defendant argues that these allegations are insufficient to state a claim for fraudulent concealment, because defendant had no duty to disclose the allegedly withheld facts to the plaintiffs. Mot. at 15-17. "Because New York Life did not owe Plaintiffs' ancestors a fiduciary duty, there was no duty to disclose the matters that Plaintiffs allege were concealed. Fundamentally, there is no authority imposing a duty on a life insurer to identify and publish information on potentially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

O

deceased insureds in order to prompt heirs to submit claims for benefits.  Id. at 17.

Plaintiffs argue that the fact that there is no fiduciary relationship is irrelevant to the instant motion because "California courts have held that a fiduciary relationship is not an indispensable element of a fraud or fraudulent concealment cause of action."  Opp. at 15. Moreover, plaintiffs argue, "California courts have routinely held that the insurer-insured relationship is extremely close to a fiduciary relationship and possesses many of the same qualities."  Id.

While plaintiffs are correct that a fiduciary relationship is not an indispensible element of a fraudulent concealment cause of action, a successful claim must at least establish that defendants had a duty to disclose the allegedly withheld facts to plaintiffs. Since, as this Court has previously determined, New York Life did not have such a duty, this claim must fail.  Therefore, the Court finds it appropriate to dismiss this claim with leave to amend.

## V.    CONCLUSION

In accordance with the foregoing, the Court DENIES defendant's motion to dismiss with respect to plaintiffs' second and fourth claims, and GRANTS defendant's motion without prejudice with respect to plaintiff's first, third and fifth claims.  Plaintiffs shall file an amended complaint curing the defects noted herein within 30 days after the filing of this order.  In the event that plaintiffs do not amend their complaint within 30 days, this order will operate as a dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |