| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (filed 9/30/10)

## I.   INTRODUCTION

On April 20, 2010, plaintiff Sylvia Tirakian filed the instant class action against defendant New York Life Insurance Company ("New York Life"), and Does 1 through 10. On July 26, 2010, this Court granted defendant's motion to dismiss without prejudice. On August 25, 2010, plaintiffs filed a first amended complaint ("FAC").[1] On November 22, 2010, the Court granted defendant's motion to dismiss plaintiffs' FAC with respect to the claims for breach of the implied covenant of good faith and fair dealing, unjust enrichment, and constructive trust, and denied the motion with respect to plaintiffs' claims for breach of contract and constructive trust. On January 3, 2011, plaintiffs filed a second amended complaint. On January 13, 2011, plaintiffs filed a third amended complaint ("TAC") pursuant to stipulation.  The TAC alleges claims for: (1) breach of the covenant of good faith and fair dealing; (2) breach of contract; (3) violation of Cal. Bus. & Prof. Code § 17200 et seq.; (4) constructive trust; and (5) fraud/fraudulent concealment.

On February 17, 2011, defendant filed the instant motion to dismiss and/or strike pursuant to 12(b)(6) and 12(f). On March 14, 2011, plaintiffs filed an opposition to defendant's motion. On April 4, 2011, defendant filed a reply brief in support of its

---

[1] Plaintiff Bedros Sarian was added to the complaint with this amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

motion. A hearing was held on the matter on May 2, 2011. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges that defendant New York Life sold life insurance policies in the Turkish Ottoman Empire beginning in as early as 1882, and up to 1914, when it ceased issuing life insurance policies in the region. TAC ¶ 1. According to plaintiff, many of the policies issued by defendant in the region were issued to individuals of Greek, Assyrian, Jewish, and Kurdish heritage and origin. Id. Plaintiff alleges that between 1914 and 1923, approximately one million Ottoman Greeks, 750,000 Assyrians, 700,000 Kurds, and thousands of Jewish people were relocated or perished during the events occurring in the Ottoman Empire. Id. at ¶¶ 2,3.

According to plaintiff, on or about September 2008, defendant implemented a voluntary outreach program to locate and compensate unpaid heirs of Greek policy-holders, who died during the events that occurred in the Ottoman Empire region between 1914 and 1923. Id. ¶ 26. Plaintiff alleges that pursuant to this program, defendant made available to the public a list of policies issued to persons of Greek heritage in the Ottoman Empire prior to 1915. Id. Plaintiff further alleges that as part of the program, defendant implemented a claims review process in which heirs of the deceased policyholders were allowed to submit claims relating to these policies so long as they submitted their claims during the period from September 2008 through March 2009. Id. ¶ 27. Plaintiff alleges that because she did not submit a claim within this seven-month window, she was effectively denied the benefits that she is legally and contractually entitled to receive. Id. ¶ 28-29. To date, plaintiff has not submitted a claim through the program. Id. ¶ 29.

Plaintiff purports to represent a class consisting of "all beneficiaries, heirs of beneficiaries, owners, heirs of owners, and all other persons having claims of any nature under life insurance policies that (i) insured the lives of persons of Greek, Assyrian, Kurdish, and Jewish descent or ancestry, and (ii) were issued at anytime, in the Turkish Ottoman Empire through 1923 by New York Life, and who have not been paid the benefits, proceeds, or cash surrender value under those life insurance policies." Id. ¶ 33. Plaintiff alleges that she should have received benefits from her family members' life

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

insurance policy issued by defendant, but to date has remained unpaid. Id. ¶ 29. On behalf of herself and her class, plaintiff now seeks to recover the unpaid life insurance benefits under those policies. Id. ¶ 6.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Fed. R. Evid. 201. In re

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## IV. DISCUSSION

Defendant seeks to dismiss plaintiffs' first, third, and fifth claims for relief for breach of the implied covenant of good faith and fair dealing, violation of Cal. Bus. & Prof. Code § 17200, and fraud/fraudulent concealment, respectively. The Court considers each of plaintiffs' claims in turn. Defendants also argue that plaintiffs' class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

allegations should be stricken because the putative class members' claims are not ripe.

### A.  Plaintiffs' Claim for Breach of the Covenant of Good Faith and Fair Dealing

In its November 22, 2010 order, this Court dismissed plaintiff's claim for breach of the covenant of good faith and fair dealing because "while plaintiffs allege a claim made and benefits withheld, they do not allege that New York Life's withholding of benefits was unreasonable or without proper cause," and did not allege wrongful conduct "in connection with the processing or determination of the denial of any claim."  November 22, 2010 Order at 8.  Defendant now argues that "[p]laintiff's new allegations do not cure the defects raised by the Court."  Mot. at 1.  Defendant argues that "[t]he allegation that New York Life's investigation of Plaintiffs' January 2010 claims was inadequate and unreasonable is a conclusory statement devoid of underlying facts."  Id. at 5-6.  Moreover, defendant argues, plaintiffs cannot claim that there are any such underlying facts because in response to the alleged claim made by plaintiff's counsel in 2010, "New York Life offered to forward claim forms but received no response . . . . It is entirely appropriate for an insurer to commence a claim investigation by asking a claimant to complete a claim form that supplies basic information about the claim.  Various cases recognize this principle and also recognize that a claimant's refusal to respond to reasonable requests for information can excuse an insurer from investigating further."  Id. at 6.  Therefore, defendant argues, plaintiffs' claim fails because they do not make any allegations "which, if true, demonstrate that putative class members submitted claims for benefits to New York Life and that New York Life denied those claims." Reply at 5.

In opposition, plaintiff argues that "Plaintiffs' [sic] sufficiently allege that New York Life has not fully inquired about their claim and that New York Life has not adequately investigated all of the avenues of the claim. . . . California courts have found similar conduct to be unreasonable."  Opp. at 6.  Moreover, plaintiffs argue, "[s]ince the circumstances in each case vary, it is usually a question of fact whether an investigation was reasonable."  Id. at 4-5.

The Court concludes that plaintiffs have sufficiently amended their complaint to allege that defendant's wrongful conduct occurred in connection with the processing or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

determination of the denial of their claims. TAC ¶ 50(e) ("New York Life failed to adequately and reasonably investigate the claims submitted in January 2010"). Consideration of defendant's argument that they reasonably responded to this claim would require the Court to look beyond the allegations of the complaint, which is inappropriate on a motion to dismiss. Therefore, the Court DENIES defendants' motion with respect to plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. Defendants may choose to renew this argument on a motion for summary judgment. Moreover, defendant's argument that plaintiffs' claim fails because they do not properly allege that a claim was made has already been rejected by this Court.

Similarly, the Court reminds plaintiffs that it has already determined that the only properly alleged "claim" was that made by counsel in January 2010. The Court therefore rejects plaintiffs' argument that this claim is valid because it "alleges that New York Life's behavior in response to the relief organizations . . . constituted bad faith," as it has already determined that "allegations of third-party inquiries made by relief organizations are not the equivalent of allegations that claims were made under any of the relevant policies." November 22, 2010 Order at 7. Therefore, plaintiffs cannot rely on any alleged action in response to these inquiries as a basis for a bad faith insurance claim.

### B. Plaintiffs' Claim for Violation of Cal. Bus. & Prof. Code § 17200

Defendant argues that plaintiffs' claim pursuant to Cal. Bus. & Prof. Code § 17200 et seq. (the "UCL") should be dismissed because it was "not adopted until 1933, after New York Life's alleged misconduct in connection with the events in Ottoman Turkey between 1914 and 1923. Because statutes act prospectively only, the UCL cannot be applied to the circumstances alleged in the TAC." Mot. at 10. "Further, the UCL cannot be applied extra-territorially to conduct between New York Life in New York and relief organizations in Europe." Id. at 11. "Plaintiffs' UCL claim therefore should be dismissed based solely on the UCL's inapplicability here." Id.

Defendant further argues that plaintiffs' UCL claim should also be dismissed because plaintiffs "fail to allege facts that would, if true, show that New York Life violation the unlawful, unfair or fraudulent prongs of the UCL even if it applied. Plaintiffs also seek remedies that are unavailable under the UCL." Id. To the extent plaintiffs' claim proceeds under the "unlawful" prong of the UCL, defendants argue that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

it fails because it is "expressly base[d] on New York Life's alleged violation of the UIPA. Pursuant to Moradi-Shalal [v. Fireman's Fund Ins. Co., 46 Cal. 3d 287, 304 (1988)] and its progeny, there is no private right of action for a violation of Section 790.03 and a UCL action cannot be based on a violation of that provision." Id. at 12.

Defendant further argues that the allegations that "New York Life concealed that it could identify policyholders and misrepresented it was no longer responsible for policies issued in Ottoman Turkey" do not constitute allegations of "unfair" practices as defined under the UCL, under any of the three available tests. Id. Additionally, defendant argues that it is not unfair under the test articulated in Drum v. San Fernando Valley Bar Assn., 182 Cal. App. 4th 247, 257 (2010) because it is not "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."[2] Id. at 13. Defendant asserts that its "failure to disclose information about policyholders and beneficiaries to third party relief organizations" cannot be unfair under this test because "it is consistent with public policy, which requires that insurers safeguard and not disclose insurance consumer information to third parties." Id.

Defendant further asserts that plaintiffs do not state a UCL claim under the "fraudulent" prong because "there is no duty upon New York life to disclose to relief organizations the identities of policyholders who may have perished or their

---

[2]Defendants also argue that the business practice alleged is not "unfair" under the other two available tests. Defendants argue that the business practice alleged is not unfair under the test articulated in Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 164 (1999) because they are not "tethered to any specific constitutional, statutory or regulatory provision." Mot. at 13. Defendants also assert that the allegations do not constitute "unfair" practices pursuant to the Federal Trade Commission's definition because "[i]n the absence of allegations showing that Plaintiffs' ancestors were in contact with those relief organizations, the effect of New York Life's communications with the relief organizations on Plaintiffs or their ancestors was tenuous at most and likely non-existent. Thus any consumer harm that could be attributed to those communications would not be substantial. Moreover, the challenged conduct was required by well-established public policies and must be deemed to have conferred substantial benefits on consumers." Id. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

beneficiaries." Id. at 15. Moreover, defendant argues, plaintiffs do not have standing to bring their UCL claim under the "fraudulent" prong because "there are no allegations that Plaintiffs actually relied upon or were misled by the alleged misrepresentations or concealment. . . . . Plaintiffs nowhere allege that New York Life's conduct *caused* Plaintiffs to actually rely and thus not file a claim." Id. at 16. See also Reply at 14, citing In re Tobacco II Cases, 46 Cal. 4th 298, 324-25 (2009) ("[The Proposition 64] standing requirement 'imposes an actual reliance requirement on the named plaintiffs prosecuting a private enforcement action under the UCL's fraud prong'").

Defendant also argues that plaintiffs' requests for relief under the UCL are improper because "they are essentially requests for contract damages and an injunction requiring that New York Life pay contract damages," while prevailing plaintiffs under the UCL are limited to injunctive relief and restitution. Mot. at 17. "Here, Plaintiffs assert that New York Life owes them contractual benefits under policies allegedly issued to their unnamed ancestors. However, all that New York Life could have obtained from Plaintiffs' ancestors in connection with the alleged policies would be the premiums paid, which would be a small fraction of the policy benefits Plaintiffs seek to recover." Id. at 17-18. Similarly, defendant argues, plaintiffs' request that it be required to "disgorge the profits" is unavailing because "under the UCL, only ***restitutionary disgorgement*** of profits is available and then only 'to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest.'" Id. at 18. Defendants further argue that the injunctive relief requested is improper because "it is clear that Plaintiffs seek to enjoin conduct that allegedly took place decades ago. There are no allegations that New York Life's alleged misrepresentations and/or concealments continue to this date." Id. at 19. To the extent that the injunctive relief requested includes a request for specific performance, defendant argues that it fails because "it would constitute an award of damages." Id. at 20. Moreover, defendant argues, "Plaintiffs have an adequate legal remedy (damages for the alleged non-payment of policy benefits) and therefore may not seek an 'injunction' requiring specific performance of the life insurance policies." Reply at 17.

In opposition, plaintiffs initially argue that the UCL is applicable to the instant dispute because it applies retroactively, and to "conduct of out of state actors that impacts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

California residents."³ Opp. at 10. Plaintiffs further argues that they adequately allege a claim for violation of the UCL under all three prongs. Id. To the extent the claim proceeds under the "unlawful" prong, plaintiffs argue that they "directly allege that [defendant] engaged in a variety of unlawful conduct, including without limitation a violation of California Insurance Code Section 790.03(b), a part of California's Unfair Insurance Practices Act ("UPIA"). See TAC ¶¶ 66-67. New York Life's claim that the UPIA does not create a private right of action does not negate the UCL claim as the UCL allows a remedy even if the underlying statute confers no private right of action." Id. at 11. "Additionally, given the broadness of the unlawful prong of the UCL, if the Court is inclined to agree with the Defendants, Plaintiffs can amend the TAC to include additional unlawful conduct." Id.

Plaintiffs further argue that defendant's conduct when it "created obstacles to prevent presentation of valid life insurance claims in an effort to escape its obligations to pay benefits to the survivors of the Genocide" was "unfair" under the UCL as well. Id. at 11. Plaintiffs contend that this practice is "unfair" under the test that defines the term as one that "either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Id., citing McDonald v. Coldwell Banker, 543 F. 3d 498, 506 (9th Cir. 2008). Plaintiffs argue that the Court's analysis of this issue should be accomplished by examining "the practice's impact on the victim and balanc[ing] the reasons, justifications and motives of the wrongdoer." Opp. at 11, citing Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp., 461 F. Supp. 2d 1188, 1195 (C.D. Cal. 2006).⁴

---

³In reply, defendant argues that plaintiffs mischaracterize Palmer v. Stassinos, 419 F. Supp. 2d 1151 (N.D. Cal. 2005), which they use to support their argument that the UCL applies retroactively. Defendant contends that Palmer "does not address the retroactivity of the UCL generally, but merely the retroactivity of the Prop 64 amendments that altered the standing needed to bring a UCL claim." Reply at 10.

⁴ In reply, defendants argue that to the extent the "obstacles" cited by plaintiff refer to their allegations that "New York Life required claimants to obtain death certificates and other information . . . . this argument is contradicted by Plaintiffs' admission that the purported class never presented claims to New York Life," and "there is no allegation that New York Life asked Bedros Sarian for a death certificate in connection with his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

Plaintiffs also argue that the alleged conduct constitutes a UCL violation under the "fraudulent" prong as well. Id. at 12. Plaintiffs argue that they properly allege that defendant engaged in conduct that was likely to deceive and that plaintiffs' ancestors were deceived. Id. at 12-13. Plaintiffs contend that this is sufficient to allege a claim under the "fraudulent" prong of the UCL, which, unlike the common law tort of deceit or deception, does not require a plaintiff to "allege actual deception, reasonable reliance and damage." Id. at 12. Relatedly, plaintiffs argue that defendants' contentions with respect to standing are incorrect because they seek "to impose pleading requiremetns on Plaintiffs that do not exist." Id. at 14. Moreover, plaintiffs argue, they have standing because they "allege that they have a vested legal interest in the money that was lost as they are the ancestors of the insurance beneficiaries." Id.

Plaintiffs argue that the relief requested is available under the UCL, as they properly seek restitution and injunctive relief. Id. They contend that the injunctive relief requested is appropriate because "[p]ast conduct may be enjoined by the UCL if the plaintiff demonstrates that it will likely recur," and because they have "alleged that New York Life has continued to act unreasonably toward Plaintiffs. *See* TAC ¶ 50. Specifically, New York Life has made it burdensome for Plaintiffs to pursue claims because it has not adequately investigated the claims submitted in January 2010." Id. at 15.

With respect to defendants' argument that the UCL is not applicable to the instant dispute because the wrongful acts pre-date the passage of the statute, the Court finds that plaintiffs' claims of wrongdoing extend past the date of the passage of the statute, and therefore, this argument is unavailing. The Court similarly finds unavailing the argument that the UCL is inapplicable because the dispute is extra-territorial. The Court concludes that this case is analogous to the those cited by plaintiffs because the complaint alleges that defendant's wrongful behavior directly injured California residents.

The Court further concludes that plaintiffs properly allege a claim under the UCL's "fraudulent" and "unfair" prongs. Plaintiffs' allegations of defendant's "unfair" practices is not limited to the alleged requirement of unavailable documents, as suggested by

---

purported claim in January 2010." Reply at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

defendant, and therefore are viable even in the absence of the filing of claims. Because the Court, as discussed below, finds that plaintiffs have successfully alleged a fraud/fraudulent concealment claim, it finds that they have also properly alleged a claim under the "fraudulent" prong of the UCL. However, defendant is correct that a violation of the UIPA is not a valid predicate for a UCL action. See <u>Manufacturers Life Ins. Co. v. Superior Court</u>, 10 Cal. 4th 257, 283 (1995). Therefore, this claim fails to the extent it is alleged under the "unlawful" prong of the UCL.

The Court is also persuaded that some of the relief requested by plaintiffs is not available pursuant to the UCL. The Court concludes that an injunction requiring specific performance of the contract is the equivalent of actual contract damages and therefore is not available pursuant to the UCL. Additionally, disgorgement is available only to the extent it is restitutionary–therefore, while plaintiffs could recover premiums paid by their ancestors as part of this relief, other "profits" of defendant cannot be subject to disgorgement under the UCL. However, the Court finds that plaintiffs may be entitled to injunctive relief to the extent they plead that defendant continues to act wrongfully in preventing plaintiffs from recovering under alleged policies. The Court therefore GRANTS defendants' motion with respect to plaintiffs' UCL claim to the extent it proceeds under the "unlawful" prong of the UCL, with leave to amend, and to the extent it requests disgorgement of profits or specific performance of the contract with prejudice.[5]

### C. Plaintiffs' Claim for Fraud/Fraudulent Concealment

In its November 22, 2010 order, this Court dismissed plaintiffs' claim for fraudulent concealment because "a successful claim must at least establish that defendants had a duty to disclose the allegedly withheld facts to plaintiffs. Since, as this Court has previously determined, New York Life did not have such a duty, this claim must fail." November 22, 2010 Order at 11. Defendants argue that plaintiffs' added allegation, that "[h]aving chosen to speak, New York Life owed a duty to speak the entire

---

[5] The Court notes that this relief is inconsistent with the relief sought pursuant to plaintiffs' contract claims. While plaintiffs are not required to elect a remedy at this stage, they should remain duly mindful of this inconsistency as they proceed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

truth, and not state half-truths which concealed material information," is insufficient to cure this defect. Mot. at 7. "The fact that New York Life allegedly stated 'half-truths' to relief organizations is (in addition to being false) of no moment given that the relief organizations were strangers to the insurance policies at issue and, hence, not entitled to obtain policyholder information in any event. . . . In short, without any relationship with the alleged relief organizations that could even possibly create a duty of disclosure, there can be no fraud claim against New York Life based on anything it allegedly misrepresented or concealed from those organizations." Id. at 9. Defendant further argues that this claim fails because it is not pled with the requisite specificity pursuant to Rule 9(b).

In opposition, plaintiffs argue that they sufficiently plead fraudulent concealment because "nondisclosure or concealment may constitute actionable fraud . . . when the defendant makes partial representations but also suppresses some material facts." Opp. at 7, citing LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997). Plaintiffs argue that their allegations are consistent with this theory of fraudulent concealment. Moreover, plaintiffs add that the "TAC also contains allegations that New York Life made affirmative fraudulent misrepresentations, including without limitation that it was no longer responsible for Ottoman Turkey claims and that it was unable to identify the policyholders." Opp. at 7. Plaintiffs further argue that the alleged misrepresentations to relief organizations are actionable because they were made "with the clear understanding and knowledge that the relief organizations were acting on behalf of the life insurance beneficiaries and that the misrepresentations would be relied upon by them." Id. at 8. In support of this argument, plaintiffs cite Geernaert v. Mitchell, 31 Cal. App. 4th 601 (1995). Id. at 9.[6] Plaintiffs also assert that they have alleged fraud with the requisite

---

[6]In Geernaert, the court held that a defendant could be held liable for a misrepresentation when it is transmitted to a third person with "the intention that it shall be communicated to the person [the plaintiff] who is intended to act upon it" or if the defendant has reason to expect that it will be so transmitted. Geeernaert, 31 Cal. App. 4th at 609 n.3. In reply, defendant argues that the case is inapposite here because "[h]ere, there is no legal support for Plaintiffs' contention that New York Life had a duty to provide information to third party relief societies, who were complete strangers to the alleged policies at issue. Accordingly, unlike the *Geernaert* decision, the alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

particularity as they have alleged the "time, place, and nature of [the] alleged fraud." Opp. at 9. "Plaintiffs meet this standard as they identify that the fraudulent statements regarding New York Life's Turkish business and policyholder information were made in Ottoman Turkey after the Genocide." Id., citing TAC ¶¶ 79-80.

The Court concludes that plaintiffs have fairly alleged a claim for fraud/fraudulent concealment and therefore DENIES defendant's motion with respect to this claim. Plaintiffs sufficiently allege that defendants made affirmative misrepresentations and actively concealed information after having chosen to speak "half-truths." Therefore, the allegations in the TAC sufficiently cure the defects in the FAC. The Court rejects defendant's argument that the claim cannot stand because "the relief organizations were strangers to the insurance policies at issue." Plaintiffs sufficiently allege affirmative misrepresentations in addition to concealment, and sufficiently allege that defendant was or should have reasonably been aware that its misrepresentations would be transmitted to plaintiffs' ancestors, to the extent they were not directly made to those individuals. The Court further concludes that plaintiffs sufficiently allege this claim consistent with the requirements of Rule 9(b).

### D. Plaintiffs' Class Allegations

Defendant argues that plaintiffs' class allegations should be stricken because they are not ripe. "The Court previously held that Plaintiffs' counsels' January 2010 letter could constitute a claim on Plaintiffs' behalf for pleading purposes, but that Plaintiffs' allegations regarding alleged historical interactions between New York Life and the alleged relief organizations are not actionable. Accordingly, Plaintiffs' class action allegations should be stricken under Rule 12(f) because on the face of the complaint putative class members have not made claims for benefits under their ancestors' alleged policies and, hence, cannot state any claim for relief against New York Life." Mot. at 21. Without an allegation that the putative class members submitted claims, there is no justiciable controversy, because the class allegations are not ripe for review. Id. at 22.

---

statements and non-disclosures made to these third parties cannot form the basis of a fraud claim on behalf of Plaintiffs, who never heard the alleged New York Life statements or non-disclosures either first-hand or second-hand." Reply at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2930 CAS (AGRx) | Date | May 13, 2011 |
|---|---|---|---|
| Title | SYLVIA TIRAKIAN, ETC. v. NEW YORK LIFE INSURANCE COMPANY | | |

Defendants argue that the January 2010 letter cannot serve as the "claim" for the unnamed class members because "[a]t a bare minimum, a claim requires that the claimant be identified. In the absence of at least that basic information, there is no way for the insurer to respond to the claim." Id. at 23. Moreover, defendant argues, the putative class members will not be harmed by postponing judicial review. "They are free at any time to submit their claims or make inquiries to New York Life regarding any life insurance policies that may have been issued to their ancestors. The time involved in submitting claims and having those claims reviewed and accepted or denied would not be substantial. If the putative class members believe that a 'denial' of benefits is a breach of contract, they can then seek relief in court." Id. at 25.

In opposition, plaintiffs argue that the TAC sufficiently alleges that claims were made on behalf of putative class members by relief organizations.[7] Opp. at 16. Therefore, plaintiffs argue, "the issues at hand are not hypothetical or abstract but definite and concrete. . . . Accordingly, the TAC's class allegations are ripe because they [are] not based on contingent future events and are fully developed." Id. Moreover, plaintiffs argue, putative class members will suffer hardship if judicial review is denied, because "New York Life will only continue its past unreasonable conduct," and because "it would be a needless expenditure of time . . . to require the Class Members to resubmit their claims." Id. at 16-17.

The Court concludes that this argument is premature and would be better addressed in response to a motion for class certification. At that stage, the Court will be able to properly analyze whether a class can be established with respect to plaintiffs' breach of contract and breach of the implied covenant of good faith and fair dealing claims. The Court agrees with defendant that for this to be the case, plaintiffs will have to demonstrate that the putative class members filed claims for benefits with defendant that are cognizable, consistent with this Court's November 22, 2010 order. However, at this stage of the proceedings, the Court declines to strike the allegations, and therefore DENIES defendant's motion to strike plaintiffs' class allegations.

---

[7] In reply, defendants argue that this argument fails because "[t]his Court has already held that the alleged relief organization inquiries were not claims under the policies on behalf of the absent, unnamed class members." Reply at 18.

## V.    CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion to dismiss and/or strike except with respect to plaintiffs' third claim for violation of Cal. Bus. & Prof. Code § 17200.  The Court GRANTS the motion without prejudice with respect to that claim to the extent it proceeds under the "unlawful" prong of the statute , and with prejudice to the extent that it includes requests for specific performance of the contract and non-restitutionary disgorgement.  Plaintiffs shall file an amended complaint within thirty (30) days of the entry of this order.  Plaintiffs are admonished that failure to do so may result in a dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |