*NOTE CHANGES MADE BY THE COURT.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA TIRAKIAN, and BEDROS SARIAN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO.: CV 10-2930 CAS (AGRx)<br><br>[~~PROPOSED~~] ORDER ON PARTIES' JOINT STIPULATION FOR CONFIDENTIALITY ORDER |

*NOTE CHANGES MADE BY THE COURT.*

　　　　Pursuant to the Joint Stipulation filed by Plaintiffs Sylvia Tirakian and Bedros Sarian ("Plaintiffs") and Defendant New York Life Insurance Company ("New York Life") regarding a Confidentiality Order, and GOOD CAUSE appearing:

　　　　IT IS HEREBY ORDERED THAT:

　　　　1.　　In the course of discovery in this action, New York Life may produce confidential and/or proprietary documents and/or information. When designated by New York Life as "Confidential," all such documents and information shall be deemed "Confidential Information."

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7491\240\12pleadings\stipulated protective order_prop_order.doc

2.    Documents shall be designated as Confidential Information by stamping each page comprising any such document, copy, or excerpt thereof with the legend "CONFIDENTIAL" or a substantially similar legend at the time of production. Information produced other than in documentary form shall be designated as Confidential Information (1) by inserting the legend "CONFIDENTIAL" into the information in the form of a watermark, header, footer, banner or other label integrated into the electronic or data file containing the information prior to its production, and/or (2) by labeling the media in or on which the information is produced with the legend "CONFIDENTIAL."

3.    The Parties further stipulate that documents previously produced by New York Life pursuant to a confidentiality agreement in the United States District Court, Central District of California, Case No. 99-CV-12073 CAS (MCx), entitled *Marootian, et al. v. New York Life Ins. Co.*, which are bates-stamped NYL 000001 through NYL 037571 shall be deemed to have been designated as "CONFIDENTIAL" and produced in this case as Confidential Information.

4.    If any Party disagrees with New York Life's designation of any document or information, or part thereof, as Confidential Information, the Parties will attempt to resolve the dispute in good faith on an informal basis and, if they are unable to do so, may ask the Court to resolve the dispute.

5.    "Qualified Person" as used herein means: (a) counsel for the Parties in this action and supporting personnel, (b) the Parties to this action, and (c) retained experts who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A~~, and (d) this Court and its personnel~~.

AGR

6. Confidential Information may only be disclosed to Qualified Persons and then only to the extent counsel in good faith believes that such disclosure is reasonably necessary to the prosecution or defense of this litigation.

7. Each Qualified Person will maintain the Confidential Information in confidence and will not reveal it to anyone who is not a Qualified Person without the prior written consent of New York Life's counsel, or in the absence of such consent, an order of the Court authorizing such disclosure.

8. Counsel for the Parties may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information provided that (a) the witness has read this Stipulation and Order and agreed in writing to be bound by it, and (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, Qualified Persons and deposition reporters and videographers.

9. The transcript of deposition testimony containing testimony concerning Confidential Information shall be bound separately, marked by the court reporter as "Confidential," and treated as Confidential subject to the terms of this Stipulation and Order.

10. If either party wishes to use Confidential Information during any motion practice or trial of this action, the Parties will, in advance, confer in good faith to agree upon a method or process for protecting that Confidential Information from disclosure to the public. Upon notice to the other parties, any party may apply to the Court for approval of a method or process for maintaining the confidentiality of material designated as Confidential Information. *Information used at trial will become public absent a separate order from the court upon written motion and sufficient cause shown.*

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

11. The disclosure of Confidential Information to a Qualified Person without designating it as Confidential shall not constitute a waiver of the producing party's right to designate such information as Confidential at a later time and, if so designated, the information shall thereafter be treated as Confidential subject to all terms of this Stipulation and Order.

12. ~~All documents filed~~ *A party seeking to file documents* with the Court ~~that~~ are designated Confidential or contain or discuss Confidential Information shall ~~be filed under seal and kept under seal until further order of the Court.~~ *comply with Local Rule 79-5.* Where possible, only Confidential portions of filings with the Court shall be filed under seal. [AGR]

13. At the conclusion of this lawsuit (including appeals, if any), all Confidential Information in the possession of any Qualified Person or any other person *other than court personnel* who has received such information pursuant to this Stipulation and Order, together with all copies, extracts, and summaries thereof, shall either be returned to the party that produced it, or it shall be destroyed. If a party elects to return the Confidential Information, that party must submit to opposing counsel, within ten days after all proceedings in this case are concluded, an affidavit verifying that all Confidential Information in its possession, custody, or control has been returned and that that party has not made or retained any copies of the documents, or if copies have been made, that all such copies have been returned together with the original documents. If a party decides to destroy Confidential Information rather than returning it, that party must submit, within ten days after all proceedings in this case are concluded, an affidavit verifying that all Confidential Information in the possession, custody, or control of the party has been destroyed. No Confidential Information may be used in any other judicial or other proceeding or [AGR]

1  for any other purpose whatsoever, except (i) where required by legal process or by
2  law for lawful purposes, or (ii) upon the written consent of the producing party.

4      14.   This Stipulation and Order may be modified upon further Stipulation
5  of the parties by order of the Court or, if the Parties are unable to agree, by the
6  Court on the application of a party. This Stipulation and Order shall be binding
7  upon all Qualified Persons and upon all other persons having knowledge of its
8  terms, and any violation thereof may be punishable by contempt.

11 Dated: February 24, 2012   By: /s/ Alicia G. Rosenberg
12                           THE HONORABLE ~~CHRISTINA A. SNYDER~~
                                 UNITED STATES DISTRICT COURT JUDGE

15 Submitted by:
16 BARGER & WOLEN LLP

18 /s/ Peter Sindhuphak
   JOHN C. HOLMES
19 RICHARD B. HOPKINS
   PETER SINDHUPHAK
20 Attorneys for Defendant
   New York Life Insurance Company